1
Robert A. Naeve (CA State Bar No. 106095)
rnaeve@jonesday.com
2
Mark E. Earnest (CA State Bar No. 253490)
mearnest@jonesday.com
3
JONES DAY
3161 Michelson Drive
4
Suite 800
Irvine, CA 92612.4408
5
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539
6

7
Attorneys for Defendant
WAL-MART STORES, INC.

8
## UNITED STATES DISTRICT COURT

9
## CENTRAL DISTRICT OF CALIFORNIA

10

11
GEORGE PARTIDA, on behalf of
himself and all others similarly
12
situated,

13
                Plaintiff,

14
        v.

15
WAL-MART STORES, INC.,

16
                Defendant.

17

18

**Case No.  CV 12 - 10015 JAK (VBKx)**

**DEFENDANT WAL-MART STORES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

[Diversity Jurisdiction and Class Action Fairness Act Jurisdiction]

19

20

21

22

23

24

25

26

27

28

Wal-Mart's Notice of Removal

1          PLEASE TAKE NOTICE THAT defendant Wal-Mart Stores, Inc. ("Wal-

2  Mart") hereby removes this matter from the Los Angeles County Superior Court to

3  the United States District Court for the Central District of California pursuant to 28

4  U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal are set forth below.

5                    **CLAIMS ASSERTED IN COMPLAINT**

6        1.     On August 13, 2012, plaintiff George Partida ("Partida") filed his

7  unverified Complaint for Damages and Permanent Injunctive Relief for Violation

8  of Unruh Civil Rights Act ("Complaint") against Wal-Mart in the Los Angeles

9  County Superior Court, Case No. BC488176, captioned *George Partida, on behalf*

10  *of himself and all others similarly situated v. Wal-Mart Stores, Inc.*

11        2.     Partida seeks class action certification of two proposed classes, one of

12  which would include: "All disabled California residents confined to a wheelchair,

13  power chair or scooter who were either (a) unable to use any of the credit or debit

14  card readers at a California Sam's Club at any time within the two years before

15  filing of this action because the available card readers at the store were all mounted

16  too high above the floor to reach; or (b) were deterred from patronizing any

17  California Sam's Club store at any time within the two years before filing of this

18  action because the available card readers at the store were all mounted too high

19  above the floor to reach."  The second proposed class Partida seeks to certify would

20  include: "All disabled California residents confined to a wheelchair, power chair or

21  scooter who were either (a) unable to use any of the credit or debit card readers at a

22  California Walmart [sic] at any time within the two years before filing of this action

23  because the available card readers at the store were all mounted too high above the

24  floor to reach; or (b) were deterred from patronizing any California Walmart [sic]

25  store at any time within the two years before filing of this action because the

26  available card readers at the store were all mounted too high above the floor to

27  reach." (Compl. ¶ 15.)

28

Wal-Mart's Notice of Removal

3.      Partida asserts claims on his own behalf and on behalf of the proposed classes for violations of the Unruh Civil Rights Act ("Unruh Act"), citing to both the California Civil Code and the Americans with Disabilities Act.  (Compl. ¶¶ 23, 29.)  Partida seeks statutory damages, injunctive relief, and attorney's fees. (Compl., Prayer.)

## COMPLIANCE WITH STATUTORY REQUIREMENTS

4.      On October 31, 2012, Partida served Wal-Mart with the Complaint. Wal-Mart's removal of this action is timely because it filed the instant Notice of Removal within 30 days of the date Partida served Wal-Mart with the Complaint. *See* 28 U.S.C. § 1446(b).  In accordance with 28 U.S.C. § 1446(a), copies of Partida's Summons and Complaint are attached to this Notice of Removal as Exhibit A.

5.      Wal-Mart filed its Answer to the Complaint in state court on November 20, 2012.  A copy of Wal-Mart's Answer is attached to this Notice of Removal as Exhibit B.

6.      Pursuant to 28 U.S.C. § 1446(d), Wal-Mart will provide written notice of removal of this action to Partida's counsel, and will promptly file a copy of this Notice of Removal and the operative additional documents with the Clerk of the Los Angeles County Superior Court.  A courtesy copy of Wal-Mart's "Notice to State Court and Adverse Party of Removal of Civil Action from State Court to the United States District Court for the Central District of California" (without exhibits) is attached to this Notice of Removal as Exhibit C.

## VENUE AND INTRADISTRICT ASSIGNMENT

7.      Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the Complaint was filed in this District.  Pursuant to 28 U.S.C. § 1441(a), this case may properly be assigned to the Western Division of the Central District of California because Partida filed this case in the Los Angeles County Superior Court.

Wal-Mart's Notice of Removal

# JURISDICTION

## A.   Diversity Jurisdiction

8.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this is an action between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

### 1.     Partida and Wal-Mart are Citizens of Different States

9.     Partida alleges he is a resident of California (Compl. ¶ 3.), and is therefore a citizen of California for purposes of diversity.  Wal-Mart is a corporation incorporated under the laws of Delaware, with its principal place of business, *i.e.*, its headquarters and nerve center, located in Bentonville, Arkansas. (Compl. ¶ 4.)  Accordingly, for purposes of removal, Wal-Mart is a citizen of the states of Delaware and Arkansas.  28 U.S.C. § 1332(c)(1); *see The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010).

### 2.     The Amount in Controversy Exceeds $75,000

10.     Partida's Complaint does not allege a specific dollar amount in damages but asserts claims for statutory damages and attorneys' fees.  (Compl., Prayer.)  Although Wal-Mart does not concede liability in any way, the amount Partida places in controversy exceeds the $75,000 jurisdictional minimum.  28 U.S.C. § 1332(a); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir. 2001).

11.     First Claim for Relief: Violation of Unruh Act at Sam's Club.  Partida alleges that he shopped at Sam's Club "several times each month for the past 10 or more years," and that he "intends to continue to shop there." (Compl. ¶ 7.)  Partida further alleges that credit card readers in Sam's Club stores are inaccessible for individuals with mobility disabilities because the readers are mounted too high for wheelchair users.  (Compl. ¶ 12.)  He claims to have personally encountered these alleged "barriers" during his shopping trips to Sam's Club (Compl. ¶¶ 13, 16(d),

Wal-Mart's Notice of Removal

21), and that these barriers prevented him from independently using the credit card readers in violation of the Unruh Act as well as regulations promulgated under the Americans with Disabilities Act. (Compl. ¶ 23.)

12.     Based upon these allegations, the Complaint is reasonably and conservatively read to plead that Partida purportedly encountered inaccessible credit card readers on at least one occasion during his "several" monthly shopping trips to Sam's Club stores.  Partida seeks to recover $4,000 in statutory damages (Cal. Civ. Code § 52) for each such encounter.  Hence, the amount in controversy arising from Partida's first claim for relief is at least $96,000 in statutory penalties ($4,000 $x$ 1 violation per month $x$ 24 months = $96,000).

13.     <u>Second Claim for Relief: Violation of Unruh Act at Wal-Mart.</u>  Partida alleges that he shopped at Wal-Mart "several times each month for the approximately 6 years," and that he "intends to continue to shop there." (Compl. ¶ 8.)  Partida further alleges that credit card readers in Wal-Mart stores are inaccessible for individuals with mobility disabilities because the readers are mounted too high for wheelchair users. (Compl. ¶ 12.)  He claims to have personally encountered these alleged "barriers" during his shopping trips to Wal-Mart (Compl. ¶¶ 13, 16(d), 21), and that these barriers prevented him from independently using the credit card readers in violation of the Unruh Act as well as regulations promulgated under the Americans with Disabilities Act. (Compl. ¶ 29.)

14.     Based upon these allegations, the Complaint is reasonably and conservatively read to plead that Partida purportedly encountered inaccessible credit card readers on at least one occasion during his "several" monthly shopping trips to Wal-Mart stores.  Partida seeks to recover $4,000 in statutory damages (Cal. Civ. Code § 52) for each such encounter.  Hence, the amount in controversy arising from Partida's second claim for relief is at least $96,000 in statutory penalties ($4,000 $x$ 1 violation per month $x$ 24 months = $96,000).

15.     <u>Attorneys' Fees.</u>  Partida contends that he is entitled to recover his attorneys' fees pursuant to California Civil Code section 52.  (Compl., Prayer.) Attorneys' fees are properly included in the amount in controversy for purposes of evaluating diversity jurisdiction.  *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Even a modest amount of attorneys' fees further increases the amount in controversy beyond the jurisdictional minimum.

16.     <u>Summary of Partida's Amount In Controversy.</u>  The amount-in-controversy requirement for traditional diversity jurisdiction is satisfied.  Even without quantifying Partida's claim for attorneys' fees, Partida's individual claims place in controversy more than $75,000: $96,000 [Unruh Act violations at Sam's Club in Torrance, California] + $96,000 [Unruh Act violations at Wal-Mart in Torrance, California] = **$192,000**.  While this is the amount in controversy, Wal-Mart nevertheless disputes that Partida is entitled to recover anything by virtue of this action.

17.     Because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) over Partida's individual claims, it has supplemental jurisdiction that extends to the claims of the unnamed proposed class members.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (holding that "where the other elements of [diversity] jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction"); *Gibson*, 261 F.3d at 940 (holding that "there is supplemental jurisdiction over the claims of unnamed class members when the claim of an individual named plaintiff satisfies the amount-in-controversy requirement").

**B.    Class Action Fairness Act Jurisdiction**

18.    In addition, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")).  Under Section 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant"; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100.  28 U.S.C. § 1332(d)(2), (5)(B).  As explained below, all CAFA requirements are satisfied in this case.

**1.    Partida and Wal-Mart are Citizens of Different States**

19.    Under CAFA, only "minimal diversity," *i.e.*, diversity between any plaintiff and any defendant, is required.  28 U.S.C. § 1332(d)(2)(A).  As noted above, there is complete diversity here because Partida is a citizen of the State of California while Wal-Mart is a citizen of the States of Delaware and Arkansas.  Thus, minimal and complete diversity are satisfied.

**2.    The Amount in Controversy Exceeds $5,000,000**

20.    Partida's Complaint does not allege a specific dollar amount in damages but asserts claims for statutory damages and attorneys' fees.  (Compl., Prayer.)  Although Wal-Mart concedes neither liability on Partida's claims nor the propriety or breadth of the classes as alleged by Partida, the amount Partida places in controversy with his class claims exceeds the $5,000,000 jurisdictional minimum under CAFA.  *See* 28 U.S.C. § 1332(d).

21.    Class Claims for Relief: Violation of Unruh Act at Sam's Club and Wal-Mart.  Partida alleges that credit card readers in Sam's Club and Wal-Mart stores are inaccessible for individuals with mobility disabilities because the readers are mounted too high for wheelchair users.  (Compl. ¶ 12.)  He claims to have personally encountered these alleged "barriers" during his shopping trips to Sam's

Wal-Mart's Notice of Removal

Club and Wal-Mart (Compl. ¶¶ 13, 16(d), 21, 27), and that these barriers prevented him from independently using the credit card readers in violation of the Unruh Act as well as regulations promulgated under the Americans with Disabilities Act. (Compl. ¶¶ 23, 29.)

22.    Further, Partida purports to represent a class of "at least several thousand" members who have encountered similar barriers. (Compl. ¶ 16(a).) Based upon these allegations, the Complaint is reasonably and conservatively construed to plead a class of at least 2,000 members and that each proposed class member encountered inaccessible credit card readers on at least one occasion. Partida seeks to recover $4,000 in statutory damages (Cal. Civ. Code § 52) for each such encounter. Hence, the amount in controversy arising from Partida's class claims for relief is at least $8,000,000 in statutory penalties ($4,000 per violation $x$ 2,000 members = $8,000,000).

23.    <u>Attorneys' Fees.</u>  As noted above, Partida alleges that he is entitled to recover his attorneys' fees pursuant to California Civil Code section 52. (Compl., Prayer.) Even a modest amount of attorneys' fees further increases the amount in controversy beyond the jurisdictional minimum.

24.    <u>Summary of Proposed Classes' Amount In Controversy.</u>  The amount-in-controversy requirement for CAFA jurisdiction is satisfied. Even without quantifying Partida's claim for attorneys' fees, the amount in controversy with respect to the class claims exceeds $5,000,000. While $8,000,000 is the amount in controversy, Wal-Mart nevertheless disputes that Partida or any proposed class member is entitled to recover anything by virtue of this action.

### 3.    **Number of Putative Class Members**

25.    The third requirement to invoke CAFA jurisdiction is that the aggregate number of members of all proposed plaintiff classes be more than 100. 28 U.S.C. § 1332(d)(5)(B). Here, Partida alleges that "there are at least several thousand affected class members." (Compl. ¶ 16(a).) Thus, this requirement for

Wal-Mart's Notice of Removal

1    CAFA jurisdiction has been met.

2                **RESERVATION OF RIGHTS**

3        26.     In alleging the amount in controversy for purposes of removal, Wal-

4    Mart does not concede in any way that the allegations in the Complaint are

5    accurate, or that Partida or any proposed class member is entitled to class

6    certification, damages, injunctive relief, attorneys' fees, or any other relief. Wal-

7    Mart reserves its right to defend the allegations in the Complaint to the fullest

8    extent.

9        27.     Based on the foregoing, this action is properly removed to this Court

10    from the Los Angeles County Superior Court.

11    Dated: November 21, 2012.          JONES DAY

12

13                                       By: _____

14                                         Robert A. Naeve

15                                    Attorneys for Defendant
                                     WAL-MART STORES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

10/31/12      9:23 a.m.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California

AUG 24 2012

By _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART STORES, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GEORGE PARTIDA, on behalf of himself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br>Central District, Stanley Mosk Courthouse, Unlimited Jurisdiction<br>111 N. Hill Street, Los Angeles, CA 90012-3014 | CASE NUMBER:<br>*(Número del Caso):* 45<br>BC488176 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Julie Mehrban, Esq.; 15233 Ventura Boulevard, Suite 1000, Sherman Oaks, CA 91403; 310-694-8331

| DATE:<br>*(Fecha)* | **John A. Clarke** | Clerk, by<br>*(Secretario)* | **GINA GRIDER** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

AUG 24 2012

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Wal-Mart Stores, Inc.
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

1  Julie Mehrban (Bar No. 271290)
   MEHRBAN LAW CORPORATION, A.P.C.
2  15233 Ventura Boulevard, Suite 1000
   Sherman Oaks, California 91403-2251
3  Telephone: 310-694-8331
   Facsimile: 310-882-5809
4  Email: Julie@JulieMehrban.com
   Website: www.MehrbanLaw.com
5
   Attorney for Plaintiff,
6  George Partida

7

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 13 2012

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
MOSES SOTO

9                    SUPERIOR COURT OF CALIFORNIA

10   COUNTY OF LCS ANGELES, CENTRAL DISTRICT, STANLEY MOSK COURTHOUSE

11                       UNLIMITED JURISDICTION

12  | GEORGE PARTIDA, on behalf of himself and | Case No. **BC488176** |
    all others similarly situated,

13  | | [CLASS ACTION] |
            Plaintiff,

14  | | COMPLAINT FOR DAMAGES AND |
    v. | PERMANENT INJUNCTIVE RELIEF FOR
15  | | VIOLATION OF UNRUH CIVIL RIGHTS ACT; |
    WAL-MART STORES, INC., | JURY TRIAL DEMAND
16
            Defendant.
17

18      Plaintiff, GEORGE PARTIDA, on behalf of himself and all others similarly situated, and

19   demanding trial by jury, complains and alleges upon information and belief as follows:

20                            **JURISDICTION**

21   1.   This is an action seeking injunctive relief and statutory damages pursuant to the Unruh Civil

22        Rights Act, California Civil Code section 51, *et seq*. This Court has jurisdiction over the class

23        action claims alleged herein pursuant to California Code of Civil Procedure section 382.

24   \\\

                                    1

Class Action Complaint for Violation of The Unruh Civil Rights Act

1

<div align="center">

**VENUE**

</div>

2   2.   Venue is proper in Los Angeles County pursuant to Code of Civil Procedure section 395,

3   subdivision (a) and 395.5. Liability arises in Los Angeles County. Defendant has been

4   committing the acts alleged herein in Los Angeles County and violating the rights of disabled

5   persons in Los Angeles County causing them injury.

6

<div align="center">

**PARTIES**

</div>

7   3.   Plaintiff, GEORGE PARTIDA is an individual citizen of California and resides in Los Angeles

8   County.  GEORGE PARTIDA is unable to walk, confined to his power wheelchair, and

9   dependent thereon for mobility. He has a disability within the meaning of the ADA, 42 U.S.C. §

10   12102(2)(A), and a physical disability as that term is defined in applicable California law,

11   including California Government Code section 12926.

12   4.   Defendant, WAL-MART STORES, INC. is a Delaware corporation headquartered in

13   Bentonville, Arkansas. WAL-MART STORES, INC. is a multi-billion dollar, publicly traded

14   company that operates Sam's Club and Walmart stores throughout the state of California.

15   5.   Plaintiff seeks full and equal access to credit or debit Card Readers in all California Sam's Club

16   and Walmart store locations a service offered by said Defendant's California retail stores.

17

<div align="center">

**FACTS**

</div>

18   6.   GEORGE PARTIDA is a resident of Torrance, California, is currently an active Sam's Club

19   member, and has been since approximately 1990.

20   7.   GEORGE PARTIDA has been an active Sam's Club member for approximately 20 years, and is

21   a long-term customer of Sam's Club. GEORGE PARTIDA has shopped there several times each

22   month for the past 10 or more years, and intends to continue to shop there.

23

24

<div align="center">

2

Class Action Complaint for Violation of The Unruh Civil Rights Act

</div>

8.   GEORGE PARTIDA is a long-term customer of Walmart and has shopped there several times each month for approximately 6 years, and intends to continue to shop there.

9.   During the preceding two years, WAL-MART STORES, INC. has operated Sam's Club retail stores throughout California that are available to members only. Customers who wish to become members must pay membership fees and receive membership cards that the customers use to access the store to browse product and make purchases. Sam's Club stores purportedly give customers special access to various items including household goods, electronics, groceries, clothing, and toys, which it advertises, are sold at very low prices.

10.  During the preceding two years, WAL-MART STORES, INC. has operated Walmart retail stores throughout California that sell various items including household goods, electronics, groceries, clothing, and toys, which it advertises, are sold at very low prices. Walmart stores do not require patrons to purchase membership.

11.  WAL-MART STORES, INC. offers credit or debit card readers, also known as point of sale terminals (hereinafter "Card Readers") that allow Sam's Club and Walmart customers various payment options in completing purchases made at said California store locations.

12.  While many of Defendant's Sam's Club and Walmart stores offer accessible Card Readers, other California Sam's Club and Walmart locations have not made any modifications. Even despite that Defendant is on notice of the violations herein, and has demonstrated that it is fully capable of making these changes, WAL-MART STORES, INC. has continued to fail and refuse to offer accessible Card Readers to the disabled. Card Readers at these forgotten locations have been mounted at inaccessible heights above the eye level of a person in a seated position. Hence, they could not be independently used by wheelchair-bound customers, if at all. As a result, said card

3

1    readers constitute architectural barriers as they are physical aspects of California Sam's Club and

2    Walmart stores that impede full and equal access to those in wheelchairs.

3    13.   During the preceding two years, GEORGE PARTIDA wanted, but was unable to independently

4          use the available Card Readers in California Sam's Club and Walmart stores because they were

5          too high for him to view and select options, and enter information from his seated position.

6    14.   This action concerns approximately 33 Sam's Club store locations throughout the state of

7          California, and more than 150 Walmart store locations throughout California.

8                                    **CLASS ALLEGATIONS**

9    15.   Plaintiff brings this action on behalf of himself and all those similarly situated as a class action

10         pursuant to California Code of Civil Procedure section 382. The classes which Plaintiff seeks to

11         represent is composed of and defined as follows:

12              All disabled California residents confined to a wheelchair, power chair or
                scooter who were either (a) unable to use any of the credit or debit card
13              readers at a California Sam's Club at any time within the two years before
                filing of this action because the available card readers at the store were all
14              mounted too high above the floor to reach; or (b) were deterred from
                patronizing any California Sam's Club store at any time within the two
15              years before filing of this action because the available card readers at the
                store were all mounted too high above the floor to reach.
16
           AND
17
                All disabled California residents confined to a wheelchair, power chair or
18              scooter who were either (a) unable to use any of the credit or debit card
                readers at a California Walmart at any time within the two years before
19              filing of this action because the available card readers at the store were all
                mounted too high above the floor to reach; or (b) were deterred from
20              patronizing any California Walmart store at any time within the two years
                before filing of this action because the available card readers at the store
                were all mounted too high above the floor to reach.
21
     16.   This action has been brought and may properly be maintained as a class action, pursuant to the
22
           provisions of California Code of Civil procedure section 382 because there is a well-defined
23
           community of interest and the proposed class is easily ascertainable:
24

4

Class Action Complaint for Violation of The Unruh Civil Rights Act

(a)   *Numerosity:* The Plaintiff Class is so numerous that the individual joinder of all members is impracticable under the circumstances of this case. While the exact number of class members is unknown to plaintiff at this time, plaintiff is informed and believes that there are at least several thousand affected class members in California. Therefore, joinder of all members of the Plaintiff Class is not practical.

(b)   *Common Questions Predominate:* Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions which affect only individual members of the class. These questions of law and fact include, without limitation:

     (i)   Whether Defendant violated the Unruh Civil Rights Act by its failure to provide card readers at a height accessible to those confined to wheelchairs;

     (ii)   The scope and duration of Defendant's failure to provide card readers at a height accessible to those confined to wheelchairs;

     (iii)   Whether Defendant maintains any policy regarding accessible architecture and design, and if so, the extent of Defendant's failure to implement such policy;

     (iv)   To what extent Defendant's failure to provide card readers at a height accessible to those confined to wheelchairs entitles Plaintiff and the Plaintiff Class to damages and injunctive relief pursuant to Civil Code section 52, subdivision (a); and

     (v)   The appropriate nature of class-wide equitable relief.

(c) *Typicality:* Plaintiff's claim is typical of the members of the Plaintiff Class. Pursuant to Civil Code section 52, Plaintiff and all members of the Plaintiff Class are entitled to the minimum statutory penalty for Defendant's failure to provide card readers at a height accessible to those confined to wheelchairs. The discrimination, injury, and damages of Plaintiff and the Plaintiff Class were caused directly by Defendant's wrongful conduct in violation of the Unruh Civil Rights Act.

(d) *Adequacy:* Plaintiff, GEORGE PARTIDA will fairly and adequately protect the interest of the members of the Plaintiff Class. Plaintiff (a long-term active Sam's Club member and long-term Walmart customer) resides in Los Angeles County, California and has personally encountered the violations herein complained of, on numerous occasions while patronizing Sam's Club and Walmart, with the last several years. Plaintiff has demonstrated his long-term commitment this cause by seeking removal of said architectural barriers by consistently complaining to Sam's Club cashiers and managers, orally and in writing, and has not given up despite being repeatedly ignored. Furthermore, Plaintiff has retained competent counsel with previous experience in class action litigation, background in civil rights litigation, as well consumer protection litigation, and extensive trial experience, including a recent jury trial verdict where she successfully compelled a fast-food giant to modify its policy to reflect the requirements of the American's with Disabilities Act of 1990.

(e) *Superiority:* A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently,

1  and without the unnecessary duplication of effort and expense that numerous individual

2  actions would engender. Furthermore, the expense and burden of individual litigation

3  would make it difficult or impossible for individual members of the class to redress the

4  wrongs done to them, while an important public interest will be served by addressing the

5  matter as a class action. The cost to the court system of adjudication of such

6  individualized litigation would be substantial. Individualized litigation would also present

7  the potential for inconsistent or contradictory judgments.

8  17.  There are no obstacles to effective and efficient management of this action that would preclude

9  its maintenance as a class action.

10  **FIRST CAUSE OF ACTION FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

11  **(CALIFORNIA CIVIL CODE SECTION 51)**

12  18.  Plaintiff incorporates herein by reference the foregoing facts as if fully set forth herein.

13  19.  At all times mentioned herein, GEORGE PARTIDA has been disabled insofar as he could not

14  stand or walk. Therefore, he has been confined to his power wheelchair, and dependent thereon

15  for mobility.

16  20.  At all times mentioned herein, WAL-MART STORES, INC. has been doing business as a Sam's

17  Club retail store located at 6201 Skypark Drive, Torrance, California 90505, and has been the

18  lessee of the building at said address.

19  21.  During the preceding two years, while patronizing said place of public accommodation,

20  GEORGE PARTIDA experienced difficulty. GEORGE PARTIDA wanted, but was unable to,

21  independently use the available Card Readers at said facility's checkout terminals because they

22  were mounted too high for him view and select options, and enter information from his seated

23  position.

24

<center>7</center>

22. Removing said architectural barriers would have been readily achievable (easily accomplishable and able to be carried out without much difficulty or expense) for WAL-MART STORES, INC.

23. The foregoing constitutes violation of Civil Code section 51, 28 C.F.R. § 36.303 and 42 U.S.C. § 12182.

## SECOND CAUSE OF ACTION FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
## (CALIFORNIA CIVIL CODE SECTION 51)

24. Plaintiff incorporates herein by reference the foregoing facts as if fully set forth herein.

25. At all times mentioned herein, GEORGE PARTIDA has been disabled insofar as he could not stand or walk. Therefore, he has been confined to his power wheelchair, and dependent thereon for mobility.

26. At all times mentioned herein, WAL-MART STORES, INC. has been doing business as a Walmart store located at 19503 Normandie Avenue, Torrance, California 90501, and has been the lessee of the building at said address.

27. During the preceding two years, while patronizing said place of public accommodation, GEORGE PARTIDA experienced difficulty. GEORGE PARTIDA wanted, but was unable to, independently use the available Card Readers at said facility's checkout terminals because they were mounted too high for him to view and select options, and enter information from his seated position.

28. Removing said architectural barriers would have been readily achievable (easily accomplishable and able to be carried out without much difficulty or expense) for WAL-MART STORES, INC.

29. The foregoing constitutes violation of Civil Code section 51, 28 C.F.R. § 36.303 and 42 U.S.C. § 12182.

\\\

Class Action Complaint for Violation of The Unruh Civil Rights Act

## PRAYER

WHEREFORE, Plaintiff prays:

(a)   That the Court determine this action may be maintained as a class action;

(b)   That Plaintiff and members of the Plaintiff class recover damages pursuant to Civil Code section 52, for each and every offense in violation of the Unruh Civil Rights Act, permanent injunctive relief, and attorney's fees;

(c)   That Plaintiff and the other members of the Plaintiff Class be granted such further relief as the nature of the case may require or as is just and proper.

Dated: 8/8/2012

Respectfully Submitted,

MEHRBAN LAW CORPORATION, A.P.C.

By: _____
   Julie Mehrban
   Attorney for Plaintiff,
   George Partida

## JURY TRIAL DEMAND

Plaintiff, on his own behalf and on behalf of all others similarly situated, hereby demands a trial by jury.

Dated: 8/8/2012

Respectfully Submitted,

MEHRBAN LAW CORPORATION, A.P.C.

By: _____
   Julie Mehrban
   Attorney for Plaintiff,
   George Partida

9

| SHORT TITLE | CASE NUMBER |
|---|---|
| Partida v Wal-Mart Stores, Inc. | BC488176 |

# DECLARATION OF MAILING

*INSTRUCTIONS: Only a person who is age 18 years or older and **not** a party to this action can serve document copies by mail. (Code Civ. Proc., § 1013a.) An unsigned copy of this Declaration of Mailing must be attached to and mailed with the copies. After the copies are placed in the mail, the person who mailed them must fill out and sign this form attached as the last page of the originals for filing. (Code Civ. Proc., § 1013(b).) **WARNING: Falsifying this form can be a felony, punishable by imprisonment in state prison.** (Pen. Code, §§ 118 & 126)*

1. I am employed in, or a resident of, the county in which this mailing occurred, and not a party to this action. At the time of mailing, I was at least 18 years of age or older;

2. I am readily familiar with the practice at the residence or business address shown below for collection and process-ing of correspondence for mailing with the United States Postal Service, which causes it to be sealed and deposited with said Postal Service with the postage prepaid the same day it is mailed or placed for collection and processing.

3. My ☐ residence ☑ business address and telephone number are as follows:

| ADDRESS | TELEPHONE NUMBER |
|---|---|
| 15233 Ventura Blvd., Suite 1000 | (310  ) 571-0104 |
| CITY, STATE AND ZIP CODE | |
| Sherman Oaks, CA 91403-2251 | |

4. I served the below document(s) on behalf of <u>Plaintiff, George Partida</u> (name of party) by ☐ personally sealing and mailing with postage prepaid, ☑ placing for collection and mailing following ordinary business practices, true copies to the addressed as shown, on the date and at the place shown, in envelope(s) sealed, or to be sealed in the ordinary course of business, and addressed as follows:

```
The California Commission on Disability Access
721 Capitol Mall, Room 260
Sacramento, CA 95814
```

| DATE MAILED | PLACE OF MAILING (City and state) |
|---|---|
| 10/23/12 | Sherman Oaks, California |

5. Exact title(s) of document(s) served: <u>Verified Complaint for Damages and Permanent Injunctive Relief</u>

| I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. | | |
|---|---|---|
| DATED | TYPE OR PRINT NAME OF PERSON WHO DID MAILING | SIGNATURE OF PERSON WHO DID MAILING |
| 10/23/12 | Gwen Aparente | |

LACIV 143 (Rev. 09/08)
LASC Approved 03-04

## DECLARATION OF MAILING

Code Civ. Proc., § 1013

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**          **BC488176**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | X |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____          JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOTICE SENT TO:

Mehrban Law Corporation
15233 Ventura Boulevard, Suite 1000
Sherman Oaks      CA    91403

FILE STAMP AUG 21 2012

John A. Clarke, Executive Officer/Clerk
_____ Deput

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| GEORGE PARTIDA | Plaintiff(s), | BC488176 |
| VS. | | |
| WAL-MART STORES INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  November 26, 2012  at  8:30 am  in  Dept. 49 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**      **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: August 21, 2012

**DEIRDRE HILL**

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date: August 21, 2012

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

**F. ESTRADA**

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number if attorney, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF _____

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:
DEFENDANT:

| NOTICE OF STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE (CONSTRUCTION-RELATED ACCESSIBILITY CLAIM) | CASE NUMBER: |
|---|---|

## Stay of Proceeding

For a period of 90 days from the date of the filing of this court notice, unless otherwise ordered by the court, the parties are stayed from taking any further action relating to the construction-related accessibility claim or claims in this case.

This stay does not apply to any construction-related accessibility claim in which the plaintiff has obtained temporary injunctive relief which is still in place.

## Notice of Early Evaluation Conference

1. This action includes a construction-related accessibility claim under Civil Code Section 55.52(a)(1) or other provision of law.

2. A defendant has requested an early evaluation conference and a stay of proceedings under Civil Code Section 55.54.

3. The early evaluation conference is scheduled as follows:

| a.  Date: | Time: | Dept.: | Room: |
|---|---|---|---|

   b.  The conference will be held at _____ the court address shown above, or _____ at:

4. The plaintiff and defendant shall attend with any other person needed for settlement of the case unless, with court approval, a party's disability requires the party's participation by a telephone appearance or other alternate means or through the personal appearance of an authorized representative.

5. The defendant that requested the conference and stay of proceedings must file with the court and serve on all parties a copy of the CASp report for the site that is the subject of the construction-related accessibility claim at least fifteen (15) days before the date set for the early evaluation conference. The CASp report is confidential and only available as set forth below and in Civil Code Section 55.54(d)(4).

6. The CASp report shall be marked "CONFIDENTIAL" and may be disclosed only to the court, the parties to the action, the parties' attorneys, those individuals employed or retained by the attorneys to assist in the litigation, and insurance representatives or others involved in the evaluation and settlement of the case.

7. The plaintiff shall file with the court and serve on all parties at least fifteen (15) days before the date set for the early evaluation conference a statement of, to the extent known, all of the following:

   a.  An itemized list of specific issues on the subject premises that are the basis of the claimed construction-related accessibility violations in the plaintiff's complaint;

   b.  The amount of damages claimed;

   c.  The amount of attorney's fees and costs incurred to date, if any, that are being claimed; and

   d.  Any demand for settlement of the case in its entirety.

Page 1 of 2

**NOTICE OF STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE**
(Construction-related Accessibility Claim)        Provisional Form        Civil Code § 55.54

8. A copy of this Notice and Order and the Defendant's Application shall be served on the plaintiff or plaintiff's attorney by hand delivering it or mailing it to the address listed on the complaint on the same date that the court issues the Notice and Order of Stay of Proceeding and Early Evaluation Conference.

Date:                                        Clerk, by _____, Deputy


More information about this Notice and Order and the defendant's application, and instructions to assist
plaintiff and defendants in complying with this Notice and Order, may be obtained at
www.courtinfo.ca.gov/selfhelp.


**Request for Accommodation**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are
available if you ask at least 5 days before the date on which you are to appear. Contact the clerk's office or go to
www.courtinfo.ca.gov/forms for Request for Accommodations by Persons with Disabilities and Order
(form MC-410). (Civil Code Section 54.8)


**Proof of Service**
(Required from Defendant Filing Application for Stay and Early Evaluation Conference)

I served a copy of the defendant's Application For Stay and Early Evaluation Conference Pursuant To Civil Code
Section 55.54 and the court Notice and Order of Stay of Proceedings and Early Evaluation Conference (check one):

_____ On the Plaintiff's attorney

_____ On the Plaintiff who is not represented by an attorney.

By hand delivering it or mailing it to the address listed on the complaint on the day the Court issued this Notice and Order of Stay
of Proceedings and Early Evaluation Conference.


I declare under penalty of perjury of the laws of the State of California that the foreguing is true and correct.

Dated: _____

_____          _____
Type or Print Name                              Signature

_____
Address of named person

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number if attorney, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| STREET ADDRESS: <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: <br> BRANCH NAME: | |

| PLAINTIFF: <br> DEFENDANT: | |
|---|---|

| DEFENDANT'S APPLICATION FOR STAY AND EARLY EVALUATION CONFERENCE PURSUANT TO CIVIL CODE SECTION 55.54 (CONSTRUCTION-RELATED ACCESSIBILITY CLAIM) | CASE NUMBER: |
|---|---|

(Information about this application and the filing instructions may be obtained at *www.courtinfo.ca.gov/selfhelp.*)

1. Defendant (name) _____ requests a stay of proceedings and early evaluation conference pursuant to Civil Code Section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code Section 55.52(a)(1).

3. The claim concerns a site that (check the box if the statement is true):
   a. _____ Has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending and, if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and
   b. _____ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.
   Both (a) and (b) must be met for the court to order a Stay and Early Evaluation Conference.)

4. I am requesting the court to:
   a. Stay the proceedings relating to the construction-related accessibility claim.
   b. Schedule an Early Evaluation Conference.
   c. Order Defendant to file a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the Plaintiff at least fifteen (15) days before the date of the Early Evaluation Conference, which shall be kept confidential as set forth in Civil Code Section 55.54(d)(4).
   d. Order Plaintiff to file the statement required by Civil Code Section 55.54(d)(6)(A)-(D) with the court and serve a copy of the statement on the Defendant at least fifteen (15) days before the date of the Early Evaluation Conference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____ <br> (TYPE OR PRINT NAME OF DECLARANT)

_____ <br> (SIGNATURE OF DECLARANT)

_____ <br> (TITLE OF DECLARANT)

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE**
(Construction-related Accessibility Claim)          Provisional Form          Civil Code § 55.54

IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY
INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the
Judicial Council of California. Persons with visual impairments can get assistance in viewing this
form through the Judicial Council Internet Web site at www.courts.ca.gov.

California law requires that you receive this information because the demand letter or court
complaint you received with this document claims that your building or property does not
comply with one or more existing construction-related accessibility laws or regulations
protecting the civil rights of persons with disabilities to access public places.

YOU HAVE IMPORTANT LEGAL OBLIGATIONS. Compliance with disability access laws is
a serious and significant responsibility that applies to all California building owners and tenants
with buildings open for business to the public. You may obtain information about your legal
obligations and how to comply with disability access laws through the Division of the State
Architect at www.dgs.ca.gov. Information is also available from the California Commission on
Disability Access at www.ccda.ca.gov/guide.htm.

YOU HAVE IMPORTANT LEGAL RIGHTS. The allegations made in the accompanying
demand letter or court complaint do not mean that you are required to pay any money unless and
until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT
COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE
FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully
present your explanation why you believe you have not in fact violated disability access laws or
have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from
any person of your choice. If you have insurance, you may also wish to contact your insurance
provider. Your best interest may be served by seeking legal advice or representation from an
attorney, but you may also represent yourself and file the necessary court papers to protect your
interests if you are served with a court complaint. If you have hired an attorney to represent you,
you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the
complaint advising you of special options and procedures available to you under certain
conditions.

ADDITIONAL THINGS YOU SHOULD KNOW: If the document accompanying this notice is
a demand letter from a lawyer and not a formal court complaint, the lawyer is generally required
by law to also provide a copy of it to the State Bar of California, until January 1, 2016, in order
that the State Bar may determine whether the demand letter complies with legal requirements,
INCLUDING THAT THE DEMAND LETTER MAY NOT MAKE A REQUEST OR
DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Any

demand letter or court complaint must list the lawyer's State Bar license number on the document.

You are encouraged, but are not required, to provide the State Bar with a copy of the demand letter so the State Bar is aware that you received this demand letter and may determine whether it is in compliance with specified legal requirements. A copy of the letter can be sent to the State Bar by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA, 94105, Attention: Professional Competence.

## ADVISORY NOTICE TO DEFENDANT

YOU MAY BE ENTITLED TO ASK FOR A COURT STAY (AN ORDER TEMPORARILY STOPPING ANY LAWSUIT) AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT AND MAY BE ASSESSED REDUCED STATUTORY DAMAGES IF YOU MEET CERTAIN CONDITIONS.

If the construction-related accessibility claim pertains to a site that has a Certified Access Specialist (CASp) inspection report for that site, or to a site where new construction or improvement was approved after January 1, 2008, by the local building permit and inspection process, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form applicable to you are true.

FURTHER, if you are a defendant described above (with a CASp inspection report or with new construction after January 1, 2008), and, to the best of your knowledge, there have been no modifications or alterations completed or commenced since the CASp report or building department approval of the new construction or improvement that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim, your liability for minimum statutory damages may be reduced to $1,000 for each offense, unless the violation was intentional, and if all construction-related accessibility violations giving rise to the claim are corrected within 60 days of being served with this complaint.

IN ADDITION, if your business is a small business that, over the previous three years, or the existence of the business if less than three years, employs 25 or fewer employees on average over that time period and meets specified gross receipts criteria, you may also be entitled to the court stay and early evaluation conference and your minimum statutory damages for each claim may be reduced to $2,000 for each offense, unless the violation was intentional, and if all the alleged construction-related accessibility violations are corrected within 30 days of being served with the complaint.

If you plan to correct the violations giving rise to the claim, you should take pictures and measurements or similar action to document the condition of the physical barrier asserted to be the basis for a violation before undertaking any corrective action in case a court needs to see the condition of a barrier before it was corrected.

The court will schedule the conference to be held within 70 days after you file the attached application form.

[If you are not a defendant with a CASp inspection report, until a form is adopted by the Judicial Council, you may use the attached form if you modify the form and supplement it with your declaration stating any one of the following:

(1) Until January 1, 2018, that the site's new construction or improvement on or after January 1, 2008, and before January 1, 2016, was approved pursuant to the local building permit and

inspection process; that, to the best of your knowledge, there have been no modifications or alterations completed or commenced since the building department approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and that all violations giving rise to the claim have been corrected, or will be corrected within 60 days of the complaint being served.

(2) That the site's new construction or improvement passed inspection by a local building department inspector who is a certified access specialist; that, to the best of your knowledge, there have been no modifications or alterations completed or commenced since that inspection approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and that all violations giving rise to the claim have been corrected, or will be corrected within 60 days of the complaint being served.

(3) That your business is a small business with 25 or fewer employees and meets the gross receipts criteria set out in Section 55.56 of the Civil Code, and that all violations giving rise to the claim have been corrected, or will be corrected within 30 days of being served with the complaint.]

The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at www.courts.ca.gov/selfhelp-start.htm.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at www.courts.ca.gov/selfhelp-start.htm.

You may file the application without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Section 55.55 of the Civil Code.

# EXHIBIT B

1 | Robert A. Naeve (State Bar No. 106095)
rnaeve@jonesday.com
2 | Mark E. Earnest (State Bar No. 253490)
mearnest@jonesday.com
3 | JONES DAY
3161 Michelson Drive
4 | Suite 800
Irvine, CA 92612.4408
5 | Telephone:    (949) 851-3939
Facsimile:    (949) 553-7539
6 |
Attorneys for Defendant
7 | WAL-MART STORES, INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 20 2012

John A. Clarke, Executive Officer/Clerk
y _____ , Deputy
DAWN ALEXANDER

8 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9 | COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT

10 |

11 | GEORGE PARTIDA, on behalf of himself
and all others similarly situated,

12 |            Plaintiff,

13 |

14 | v.

15 | WAL-MART STORES, INC.,

16 |            Defendant.

Case No. BC488176

Assigned to Hon. Deirdre Hill, Dept. 49

**ANSWER OF DEFENDANT WAL-MART STORES, INC.**

Complaint Filed:    August 13, 2012

17 |

18 | Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), for itself alone, hereby answers the

19 | unverified Complaint for Damages and Permanent Injunctive Relief for Violation of Unruh Civil

20 | Rights Act ("Complaint") filed by plaintiff George Partida ("Plaintiff") as follows:

21 | **GENERAL DENIAL**

22 | Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Wal-

23 | Mart hereby generally denies each and every allegation, statement, matter, and purported cause of

24 | action contained in Plaintiff's Complaint and, without limiting the generality of the foregoing,

25 | denies that a class action should be certified, denies that Plaintiff is entitled to injunctive relief,

26 | and further denies that Plaintiff has been damaged in the manner or sums alleged, or in any way at

27 | all, by reason of any acts or omission of Wal-Mart.

28 |

1  **AFFIRMATIVE DEFENSES**

2      Without conceding that it bears the burden of proof or persuasion, Wal-Mart asserts the

3  following separate and affirmative defenses:

4  FIRST AFFIRMATIVE DEFENSE

5  (Failure To State A Cause of Action)

6      The Complaint and each cause of action alleged therein fail to state a cause of action

7  against Wal-Mart upon which relief can be granted.

8  SECOND AFFIRMATIVE DEFENSE

9  (Failure To State A Cause of Action For Injunctive Relief)

10      The Complaint fails to state a cause of action upon which injunctive relief can be granted.

11  THIRD AFFIRMATIVE DEFENSE

12  (Statutes Of Limitation)

13      The Complaint and each cause of action alleged therein are barred to the extent they

14  purport to seek recovery for alleged acts or omissions occurring outside any applicable limitations

15  period.

16  FOURTH AFFIRMATIVE DEFENSE

17  (No Authority)

18      The Complaint and each cause of action alleged therein are barred to the extent Plaintiff

19  demands that Wal-Mart act in a manner not required by applicable law.

20  FIFTH AFFIRMATIVE DEFENSE

21  (Not Readily Achievable)

22      The Complaint and each cause of action alleged therein are barred to the extent Plaintiff

23  demands that Wal-Mart remove alleged barriers where such removal is not readily achievable.

24  SIXTH AFFIRMATIVE DEFENSE

25  (Undue Burden)

26      The Complaint and each cause of action alleged therein are barred to the extent Plaintiff

27  demands that Wal-Mart provide auxiliary aids or services which would result in an undue burden

28  on Wal-Mart.

1    ## SEVENTH AFFIRMATIVE DEFENSE

2    ### (Fundamental Alterations)

3    The Complaint and each cause of action alleged therein are barred to the extent Plaintiff

4    demands that Wal-Mart provide auxiliary aids or services and modify its policies and procedures

5    where such provision and modification would fundamentally alter the nature of Wal-Mart's

6    goods, services or facilities.

7    ## EIGHTH AFFIRMATIVE DEFENSE

8    ### (Flexibility To Choose Alternative Methods)

9    The Complaint and each cause of action alleged therein are barred to the extent Plaintiff

10   demands that Wal-Mart act in a manner not required because Wal-Mart has the flexibility to

11   choose what alternative methods it may provide.

12   ## NINTH AFFIRMATIVE DEFENSE

13   ### (Good Faith Reliance)

14   The Complaint and each cause of action alleged therein fail because Wal-Mart relied in

15   good faith upon reasonable interpretations of California law by local building authorities and

16   issuance of appropriate building permits certifying that Wal-Mart complied with the California

17   Building Code.

18   ## TENTH AFFIRMATIVE DEFENSE

19   ### (Not Authorized By Unruh Act)

20   Plaintiffs are barred from obtaining relief under California Civil Code section 51, *et seq.*

21   because nothing contained in that section requires Wal-Mart to act in the manner Plaintiff

22   requests.

23   ## ELEVENTH AFFIRMATIVE DEFENSE

24   ### (Failure To Mitigate Damages)

25   Plaintiff had a duty to mitigate his damages and, to the extent he failed to do so, any

26   damages awarded to Plaintiff should be reduced accordingly.

27

28

TWELFTH AFFIRMATIVE DEFENSE

(Construction Tolerances)

The Complaint and each cause of action alleged therein are barred to the extent the elements identified in the Complaint substantially comply with applicable law and are within construction tolerances.

THIRTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

The Complaint and each cause of action alleged therein are barred to the extent any departure from technical requirements in the elements identified in the Complaint is permitted because the departures provide substantially equivalent or greater access to and usability of the particular element.

**WAL-MART'S PRAYER FOR RELIEF**

Wal-Mart does not presently know all the facts and circumstances respecting Plaintiff's causes of action. Wal-Mart reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Wal-Mart hereby prays for the following relief:

1. That Plaintiff takes nothing by reason of the Complaint;
2. That judgment be rendered in favor of Wal-Mart;
3. That a class action not be certified;
4. That Wal-Mart be awarded its attorneys' fees and costs of suit incurred in this action; and
5. For such other and further relief as the Court deems just and proper.

Dated: November 20, 2012

Jones Day

By: ______________________

Robert A. Naeve
Attorneys for Defendant
WAL-MART STORES, INC.

1

**PROOF OF SERVICE BY MAIL**

2       I am a citizen of the United States and employed in Orange County, California.  I am over

3   the age of eighteen years and not a party to the within-entitled action.  My business address is

4   3161 Michelson Drive, Suite 800, Irvine, California  92612.4408.  I am readily familiar with this

5   firm's practice for collection and processing of correspondence for mailing with the United States

6   Postal Service.  On November 20, 2012, I placed with this firm at the above address for deposit

7   with the United States Postal Service a true and correct copy of the within document(s):

8                **ANSWER OF DEFENDANT WAL-MART STORES, INC.**

9   in a sealed envelope, postage fully paid, addressed as follows:

10          Julie Mehrban, Esq.
            Mehrban Law Corporation, APC
11          15233 Ventura Blvd., Suite 1000
            Sherman Oaks, CA 91403-2251
12          Telephone: (310) 694-8331
            Fax: (310) 822-5809
13          Julie@JulieMehrban.com

14
            *Attorneys for: Plaintiff, George Partida*
15
            Following ordinary business practices, the envelope was sealed and placed for collection
16
    and mailing on this date, and would, in the ordinary course of business, be deposited with the
17
    United States Postal Service on this date.
18
            I declare under penalty of perjury under the laws of the State of California that the above
19
    is true and correct.
20
            Executed on November 20, 2012, at Irvine, California.
21

22

23                                          Maria A. Castellanos

24

25

26

27

28

# EXHIBIT C

1   Robert A. Naeve (State Bar No. 106095)
    rnaeve@jonesday.com
2   Mark E. Earnest (State Bar No. 253490)
    mearnest@jonesday.com
3   JONES DAY
    3161 Michelson Drive
4   Suite 800
    Irvine, CA 92612.4408
5   Telephone:   (949) 851-3939
    Facsimile:   (949) 553-7539
6
    Attorneys for Defendant
7   WAL-MART STORES, INC.

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9          COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT

10

11  | GEORGE PARTIDA, on behalf of himself | **Case No. BC488176** |
    | and all others similarly situated, | |
12  | | Assigned to Hon. Deirdre Hill, Dept. 49 |
    | Plaintiff, | |
13  | | **NOTICE TO STATE COURT AND** |
    | v. | **ADVERSE PARTY OF REMOVAL OF** |
14  | | **CIVIL ACTION FROM STATE** |
    | WAL-MART STORES, INC., | **COURT TO THE UNITED STATES** |
15  | | **DISTRICT COURT FOR THE** |
    | Defendant. | **CENTRAL DISTRICT OF** |
16  | | **CALIFORNIA** |
17  | | Complaint Filed:   August 13, 2012 |

18

19

20

21

22

23

24

25

26

27

28

PLEASE TAKE NOTICE THAT on November 21, 2012, defendant Wal-Mart Stores, Inc. filed its Notice of Removal of Civil Action from State Court Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 ("Notice of Removal") to remove this action to the United States District Court for the Central District of California.  In compliance with 28 U.S.C. § 1446(d), a copy of the Notice of Removal is attached as Exhibit 1 to this Notice and is served and filed herewith.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to 28 U.S.C. § 1446(d), the filing and service of this Notice removes this action and stays all proceedings in connection therewith in the Los Angeles County Superior Court unless and until this action is remanded.

Dated: November 21, 2012

Jones Day

By: _____
Robert A. Naeve
Attorneys for Defendant
WAL-MART STORES, INC.

Notice to State Court and
Adverse Party of Removal

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV12- 10015 JAK (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
313 U. S. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[X] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

*Failure to file at the proper location will result in your documents being returned to you.*



**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
GEORGE PARTIDA, on behalf of himself and all others similarly situated,

**DEFENDANTS**
WAL-MART STORES, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Julie Mehrban
Mehrban Law Corporation, A.P.C.
15233 Ventura Blvd., Ste. 1000, Sherman Oaks, CA 91403; (310) 694-8331

Attorneys (If Known)

Jones Day
Robert Naeve, Steven Zadravecz, Mark Earnest
3161 Michelson Drive, Suite 800, Irvine, CA 92612
(949) 851-3939

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441, and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **FORFEITURE / PENALTY** | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety / Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | **IMMIGRATION** | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | ☑ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV 12 - 10015 JAK (VBKx)**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and Arkansas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  November 21, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |